[Civ. No. 2852. Second Appellate District, Division One.—July 2, 1919.]

ROBERT HALE, a Minor, etc., Respondent, v. PACIFIC TELEPHONE AND TELEGRAPH COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—PROXIMATE CAUSE OF INJURY—RIGHT TO RECOVER.—
In order to recover damages for an injury alleged to be due to negligence of a defendant, it must be made to appear that such negligence was the proximate cause of the injury sustained.

1. Proximate and remote cause, note, 36 Am. St. Rep. 807.

[2] ID.—INTERVENING NEGLIGENCE OF THIRD PERSON. — Where the original negligence of a defendant is followed by an independent act of a third person which results in a direct injury to a plaintiff, the negligence of such defendant may, nevertheless, constitute the proximate cause thereof if, in the ordinary and natural course of events, the defendant should have known the intervening act was likely to happen; but if the intervening act constituting the immediate cause of the injury was one which it was not incumbent upon the defendant to have anticipated as reasonably likely to happen, then, since the chain of causation is broken, he owes no duty to the plaintiff to anticipate such further acts, and the original negligence cannot be said to be the proximate cause of the final injury.

[3] ID.—LEAVING DYNAMITE CAPS UNPROTECTED—DUTY TO ANTICIPATE THEFT.—It cannot be said that a company which places a box containing dynamite caps of a high explosive character and dangerous to persons unacquainted with the care and handling thereof upon a shelf on the porch of a house which it is using as a storeroom is bound to anticipate the act committed and guard against consequences which might follow in case one who, as in this case, admittedly knew the wrongful nature of his acts, should steal the caps and use them in a manner which would cause injury to another, there being no element of allurement present and no articles theretofore having been stolen from the premises.

[4] ID.—WRONGFUL ACT OF THIRD PERSON — INJURY — LIABILITY.— Where, as in this action for damages, the proximate cause of the injury is the wrongful act of an independent third person and not intended by defendant, and by reason of its nature one as to which, under the circumstances, it was not charged with the duty of anticipating as a natural and ordinary consequence of its negligence, the defendant is not liable.

[5] ID.—KNOWINGLY PERMITTING CHILD TO TAKE DANGEROUS INSTRUMENTALITIES — LIABILITY FOR INJURIES CAUSED.—If a company knowingly permits a child to take dynamite caps of a high explosive character and dangerous to persons unacquainted with the care and handling thereof from its premises, it will be charged with the duty of anticipating the probable result that they would be exploded by himself or playmates, thus causing injury.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Reversed.

The facts are stated in the opinion of the court.

2. Effect of intervening act on recovery for personal injury, notes, 1 Ann. Cas. 230; 17 L. R. A. 35; 48 L. R. A. (N. S.) 105.

Wright, Winnek & McKee for Appellant.

Wade Garfield and Claude L. Chambers for Respondent.

SHAW, J.—Action to recover damages alleged to have been sustained as a result of defendant's negligence. The jury rendered a verdict in favor of plaintiff upon which judgment was entered and from which defendant has appealed upon the judgment-roll accompanied by a bill of exceptions.

The facts out of which the accident grew and concerning which there is little controversy in the evidence are as follows: At the time when plaintiff sustained the injury, defendant was engaged in constructing and operating a telephone system in the city of San Diego. For its use as a storeroom for supplies and material required in its construction work, it occupied an uninclosed cottage in the rear of which was a lattice porch with an open space of some four or five feet for entry. Upon this porch was a shelf platform two and one-half to three feet above the floor, and on Saturday, the day preceding the accident, defendant's employees placed upon this shelf a wooden box wherein, underneath some excelsior packing, was deposited a tin box containing dynamite caps of a high explosive character and dangerous to persons unacquainted with the care and handling thereof. The top of this wooden box was covered by a board, one end of which was flush nailed and the other lightly tacked. Walter Hadley, a boy eight years of age, lived with his parents in a house adjoining defendant's said storehouse and between which and the Hadley cottage there was no fence. At times Walter and other boys played in a driveway entering the lot along the side of the storehouse, but none of them had ever gone upon the porch. On Sunday, June 6th, all of defendant's employees being absent therefrom, Walter Hadley entered upon this porch and, seeing the wooden box upon the shelf, pried off the cover, raised up the excelsior packing and, finding the tin box, opened it and took therefrom about twenty of the dynamite caps, of the character and danger in handling which he was wholly ignorant, but thought they could be used in a toy cap pistol which one of his playmates had. On the same day he gave some of these caps to the plaintiff, a boy of the age of seven years, who likewise, by

reason of his age and inexperience, was unacquainted with the character thereof, and who placed one of them in a toy pistol and caused it to explode, as a result of which he was seriously and permanently injured. It conclusively appears that Walter knew the nature of his act and the moral turpitude thereof, namely, that he was engaged in the surreptitious taking of property which did not belong to him; in short, that he was engaged in the theft of defendant's property, which he knew was wrong; and hence his connection with the matter, in so far as it affects plaintiff, must be deemed that of an adult and *sui juris.*

No purpose could be served in a review of the many authorities cited by counsel from other jurisdictions wherein similar questions have been involved. Suffice it to say that most of them involved features clearly distinguishing them from the instant case and were decided upon principles not applicable to the facts here presented.

[1] In order to recover damages for an injury alleged to be due to negligence of a defendant it must be made to appear that such negligence was the proximate cause of the injury sustained. Conceding that defendant was culpably guilty in the care of the dynamite, such want of care was not the direct and immediate cause of plaintiff's injury, since, notwithstanding defendant's negligence, the accident would not have occurred except for the intermediate wrongful acts of Walter Hadley in unlawfully breaking open and taking the caps from the wooden box in which they were deposited and giving them to plaintiff. Upon the admitted facts, was defendant's negligence the proximate cause of plaintiff's injury, or must it be attributable to the intervening unlawful act of a responsible third person? [2] The rule, as we understand it, applicable to such cases, is that where the original negligence of a defendant is followed by an independent act of a third person which results in a direct injury to a plaintiff, the negligence of such defendant may, nevertheless, constitute the proximate cause thereof if, in the ordinary and natural course of events, the defendant should have known the intervening act was likely to happen; but if the intervening act constituting the immediate cause of the injury was one which it was not incumbent upon the defendant to have anticipated as reasonably likely to happen, then, since the chain of causation is broken, he owes no duty to the plaintiff to anticipate such

further acts, and the original negligence cannot be said to
be the proximate cause of the final injury.  Thus, if A neg-
ligently leaves his horse attached to a buggy unhitched in
the street, and, due to the wrongful act of B in frightening
the horse, it runs away, causing injury to another by a col-
lision, A is liable to the person so injured, for the reason
that he, as a reasonably prudent man, should have foreseen
that the horse might be frightened as a result of which it,
in accordance with the instinctive nature of such animals,
would run away and cause damage.  But, on the other hand,
if B steals the unhitched horse and in escaping with it col-
lides with another to the latter's damage, no recovery there-
for can be had against A, for the reason that the wrongful
theft of the horse was not a consequence which A, as a
reasonably prudent man, should be deemed to have antici-
pated as a result of leaving his horse in the street unhitched.
So, in the instant case, notwithstanding the alleged negli-
gence of defendant, no injury in consequence thereof would
have resulted to plaintiff except for the act of Walter Had-
ley, who testifies that he knew that it was both morally and
legally wrong to take the caps from the box.  He had never
before been upon the porch and, so far as appears, nothing
had ever prior to the time been stolen from the yard, the
porch, or the house in which defendant stored various kinds
of supplies and kept a quantity of material used in its con-
struction work.  The facts disclose no element of allurement
whereby Hadley was attracted to the porch or induced to
break open the box.  [3] It cannot, under the circum-
stances, be said that defendant was bound to anticipate the
act committed and guard against consequences which might
follow in case one who, as here, admittedly knew the wrong-
ful nature of his acts, should steal the caps and use them in
a manner which would cause injury to another.

[4] The proximate cause of plaintiff's injury was Had-
ley's wrongful act, without which, notwithstanding defend-
ant's negligence, the accident would not have occurred.  And
since it was the wrongful act of an independent third person
and not intended by defendant, and by reason of its nature
one as to which it was, under the circumstances, not charged
with the duty of anticipating as a natural and ordinary
consequence of its negligence, it is not liable for the injury.
In support of these views reference may be had to the fol-
lowing, among other, cases: *Chicago etc. Ry. Co.* v. *Elliott,*

55 Fed. 949, [20 L. R. A. 582, 5 C. C. A. 347]; *Cole* v. *German Savings & Loan Society,* 124 Fed. 113, [63 L. R. A. 416, 59 C. C. A. 593]; *Berry* v. *San Francisco & N. P. R. R. Co.,* 50 Cal. 435; *The Santa Rita,* 176 Fed. 890, [30 L. R. A. (N. S.) 1210, 100 C. C. A. 360]; *Schwartz* v. *California Gas etc. Co.,* 163 Cal. 398, [125 Pac. 1044]; *Hullinger* v. *Worrell,* 83 Ill. 220; *Burt* v. *Advertiser etc. Co.,* 154 Mass. 238, [13 L. R. A. 97, 28 N. E. 1]; *Horan* v. *Town of Watertown,* 217 Mass. 185, [104 N. E. 464]; *Stone* v. *Boston & Albany R. R. Co.,* 171 Mass. 536, [41 L. R. A. 794, 51 N. E. 1]; *Jacobs* v. *New York, N. H. & H. R. Co.,* 212 Mass. 96, [40 L. R. A. (N. S.) 41, 98 N. E. 688]; *Nicolosi* v. *Clark,* 169 Cal. 746, [L. R. A. 1915F, 638, 147 Pac. 971]; *Luehrmann* v. *Laclede Gas Light Co.,* 127 Mo. App. 213, [104 S. W. 1128]; *Loftus* v. *Dehail,* 133 Cal. 214, [65 Pac. 379]; *Hartford* v. *All Night and Day Bank,* 170 Cal. 538, [L. R. A. 1916A, 1220, 150 Pac. 356].

Our view of the case as herein expressed renders it unnecessary to consider the error predicated upon the action of the court in overruling defendant's general demurrer to the complaint. We may say, however, that, in our opinion, the allegation that both plaintiff and Walter Hadley, by reason of their extreme youth, were ignorant of the dangerous character of the dynamite caps, coupled with the allegation that defendant permitted Walter Hadley to go upon the premises and carry therefrom a large number of said dynamite caps, when measured by what is said upon a similar question in *Cahill* v. *E. B. & A. L. Stone & Co.,* 153 Cal. 571, [19 L. R. A. (N. S.) 1094, 96 Pac. 84], renders the complaint sufficient as against the demurrer interposed. **[5]** If defendant knowingly permitted a child to take such dangerous instrumentalities from its premises, it would be charged with the duty of anticipating the probable result that they would be exploded by himself or playmates, thus causing injury.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 28, 1919.

All the Justices concurred.