[Civ. No. 13800.   Second Dist., Div. Three.   May 12, 1943.]

CHARLES FRACE, a Minor, etc., Appellant, v. LONG BEACH CITY HIGH SCHOOL DISTRICT et al., Respondents.

Merrill Brown for Appellant.

Joseph A. Ball, J. H. O'Connor, County Counsel, and Kenneth Sperry for Respondents.

SHAW, J. pro tem.—Plaintiff was injured by the explosion of chemicals with which he was attempting to perform an experiment, and in this action seeks to recover damages for the injuries so received. A demurrer to his amended complaint was sustained with leave to amend, he did not amend, and he appeals from the ensuing judgment.

Since plaintiff declined to amend his complaint, we do not consider the possibility that any defects in it could be cured by amendment, but presume that the pleader has stated his case as strongly as it can be stated in his favor. (*Royal Ins. Co.* v. *Mazzei*, (1942) 50 Cal.App.2d 549, 555 [123 P.2d 586].) While the complaint should be liberally construed, with a view to substantial justice between the parties (Code Civ. Proc., sec. 452), that rule "does not, however, permit the insertion, by construction, of averments which are neither directly made nor within the fair import of those which are set forth. On the contrary, facts necessary to a cause of action but not alleged must be taken as having no existence." (21 Cal.Jur. 54; *Feldesman* v. *McGovern*, (1941) 44 Cal.App.2d 566, 571 [112 P.2d 645]; *Estrin* v. *Superior Court*, (1939) 14 Cal.2d 670, 677 [96 P.2d 340].)

From the amended complaint the following facts appear. The defendant district conducted a high school, consisting of several buildings, in one of which there was a small chemical

supply room. In this room chemicals, some of which would, upon admixture, burn and explode, were stored for the use of chemistry students in performing laboratory tests and experiments. The defendant Lewarton was employed by defendant district as janitor and custodian and as such had the care and custody of this supply room and the keys thereto. On several occasions, shortly before plaintiff was injured, Lewarton unlocked this supply room and permitted two high school students, named Murphy and McNanamy, to enter this room, and to remain there and leave without their being under observation, all of which was contrary to the rules of the school. These two students, although not authorized so to do, took from the storeroom potassium chlorate and phosphorus and kept these chemicals in the garage at the home of McNanamy, where plaintiff watched the other two boys experiment with them without injury. Plaintiff thereupon asked McNanamy if he could use the chemicals for an experiment, McNanamy gave plaintiff small quantities of them, plaintiff mixed them in a container and shook them, and from the resulting explosion received the injuries for which he sues. Plaintiff was, at the time, a boy of seventeen, and it is alleged that ''by reason of their immature age, inexperience and lack of knowledge of chemicals neither the said McNanamy nor the plaintiff knew that use of said chemicals by them was dangerous and hazardous or would cause an explosion or that the use of said chemicals by plaintiff was likely to injure person or property.''

It is obvious that the facts thus far set forth are not sufficient to impose any liability on the defendants. They show merely that unauthorized persons took, in legal effect stole, some chemicals from defendant's storeroom, and that plaintiff, obtaining possession of some of these chemicals, was injured by reason of his unwitting mishandling of them. Responsibility for such results does not attach to the owner whose property is wrongfully taken. Indeed, we do not understand plaintiff to contend otherwise. He points to certain additional allegations and contends that they avoid the conclusion just stated, and that defendants may be held here by the joint operation of the rule fastening liability in certain cases upon one who permits children to play with an attractive but dangerous device (the rule of the ''turn-table cases'') and the other rule holding a negligent actor liable for the results of his negligence even though the independent act of another

intervenes between his negligence and the results, where that intervening act is one which he ought, in reason, to have anticipated. The allegations thus pointed out are these: "That at all times herein mentioned the defendants and each of them knew: that the use of said chemicals by students, except under the personal supervision and direction of one skilled in the science of chemistry, was apt to cause injury to person and property; that said supply room and the chemicals therein was an attraction and allurement to the students of the high school; and that if given an opportunity some of said students would steal chemicals therefrom for the performance of their own and unsupervised tests and experiments thereby exposing themselves and others to serious personal injury."

The rule regarding an independent intervening cause on which plaintiff relies is thus stated in *Hale* v. *Pacific Tel. & Tel. Co.,* (1919) 42 Cal.App. 55, 58 [183 P. 280], one of the cases cited by him: ". . . where the original negligence of a defendant is followed by an independent act of a third person which results in a direct injury to a plaintiff, the negligence of such defendant may, nevertheless, constitute the proximate cause thereof if, in the ordinary and natural course of events, the defendant should have known the intervening act was likely to happen; but if the intervening act constituting the immediate cause of the injury was one which it was not incumbent upon the defendant to have anticipated as reasonably likely to happen, then, since the chain of causation is broken, he owes no duty to the plaintiff to anticipate such further acts, and the original negligence cannot be said to be the proximate cause of the final injury."

The negligence of which defendants were guilty, according to plaintiff's argument, is that with the knowledge depicted in the allegation last quoted, they permitted Murphy (whom we so name in spite of the curtailment of his surname in the allegation next to be quoted) and McNanamy to take the chemicals from the storeroom, or at least made it possible for them to do so. To appraise this argument we must examine more closely the allegations regarding the taking. They are that Lewarton "negligently and in violation of his duties as such custodian, permitted two students of said high school, to wit, Robert Murph and Ralph McNanamy to take certain chemicals from said supply room, in that with knowledge that said students were not authorized by any teacher or other

agent or employee of his codefendants, to enter said chemical supply room or to take chemicals therefrom; he unlocked said supply room for said students and permitted them to remain therein and leave therefrom unobserved by himself or any other agent or employee of his codefendants; all of which was in violation of the rules and regulations of said high school and of his duties as such custodian." It is to be noted here that the allegation that Lewarton permitted the students named to take chemicals is followed and qualified by the words "in that." This phrase means "because, for the reason that" (Webster's New International Dictionary, 1942 ed.), and its effect is to reduce the allegation preceding it to a mere conclusion, and limit the scope of that allegation to that of the one which follows. So limited, the language last quoted contains no statement that Lewarton knew the chemicals were being taken, or with such knowledge allowed that to be done, but amounts merely to a statement that he did acts which facilitated, and omitted precautions which would have prevented, such taking, and in so doing violated the rules. If this language were capable of any stronger construction, which we doubt, it would be ambiguous, and against such ambiguity the demurrer which was sustained aimed a specification. Since plaintiff failed to amend in the face of this demurrer, we can give the allegation no stronger construction in favor of plaintiff than that above stated.

So construing the complaint we have nothing more than a statement that defendants allowed two certain students to enter and remain in the storeroom without watching them and that they knew the supply room "was an attraction and allurement to the students of the high school; and that if given an opportunity *some* of said students would steal chemicals therefrom." The negligence, if any, thus charged is not a general failure to watch the chemicals or take precautions against their surreptitious removal. These chemicals were not in the open or exposed to taking by any who were so minded, as were the dynamite caps in *Hale* v. *Pacific Tel. & Tel. Co.*, *supra*, 42 Cal.App. 55, and in *Lambert* v. *Western Pac. R. R. Co.*, (1933) 135 Cal.App. 81 [26 P.2d 824], and the mortar box in *Katz* v. *Helbing*, (1928) 205 Cal. 629 [271 P. 1062, 62 A.L.R. 825], on which plaintiff relies. On the contrary they were in a closed storeroom which, as the complaint shows, was kept locked and access to which was obtained only by inducing defendant Lewarton, who "had the keys thereto,"

to unlock it. ▮ The mere act of unlocking this room and permitting two high school students to enter and remain in it, even though a violation of rules, without more, does not seem to us to be actionable negligence; but if it can be so characterized, it is not the direct cause of plaintiff's injuries. Between those injuries and the acts of defendant intervene the independent acts of Murphy and McNanamy in stealing the chemicals and in giving them to plaintiff, as well as his own act in experimenting with them. We assume that plaintiff's act is removed from consideration by the allegation, above quoted, of his youth and inexperience. But the acts of Murphy and McNanamy break the chain of causation and relieve defendants of responsibility for plaintiff's injuries, assuming they were guilty of some negligence, unless, as stated in *Hale* v. *Pacific Tel. & Tel. Co., supra,* defendants should have anticipated those acts "as reasonably likely to happen." There is no basis in the complaint for fastening such anticipation on defendants. Nothing is alleged in the complaint about the age, character or habits of Murphy or McNanamy—nothing to make it appear that defendants should reasonably have anticipated that if left alone in the storeroom they would steal and carry away the chemicals there stored. They were high school students; and while their ages are not stated, such students are usually above the age of fourteen, at which, in the eyes of the law, children become capable of committing crimes (Pen. Code, sec. 26). It has been held that one who leaves dynamite caps (which are, of course, a dangerous device) in a place accessible to the public and unguarded is not liable for injury to boys (aged in one case 10, and in the other 11) who steal them, play with them and are injured in resulting explosions, in the absence of allegations that the boys did not know it was wrong to take the caps, the ground of decision being that boys of these ages presumably know the moral character of their acts in taking the caps, and defendants were therefore not bound to anticipate such acts. (*Nicolosi* v. *Clark,* (1915) 169 Cal. 746 [147 P. 971, L.R.A. 1915F 638]; *Bradley* v. *Thompson,* (1924) 65 Cal.App. 226 [223 P. 572].) But no authority is needed for the proposition that not all high school students are given to misappropriation of property such as that of which these two students were guilty; indeed, plaintiff admits as much by his allegation that "some" students would so act. This allegation would possibly be sufficient to show negligence on defen-

dants' part if the chemicals were so kept that all students could have free access to them; but to serve that purpose where it appears that only a few gained access to them and those few could gain it only by affirmative acts of the defendants, there is needed a further showing that the defendants had some reason to anticipate stealing by those to whom they did allow access to the storeroom. For all that appears in the complaint here, the two students who did have access to the chemicals were up to that time of unimpeached reputation and unblemished character and their misappropriation of the chemicals the first such act in which they had ever engaged. If any different state of facts existed, it should have been alleged; and in the absence of an allegation we must presume its nonexistence, under the rules already stated. The complaint fails to show either that defendants were negligent in admitting the two students to the storeroom or that they should have anticipated that their acts in doing so would or might result in such an accident as that which occurred to plaintiff.

The judgment is affirmed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 8, 1943.