Filed 5/5/15  Motyl v. City of San Diego CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MATTHEW GERARD MOTYL, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CITY OF SAN DIEGO et al., <br><br> Defendants and Respondents. | D066174 <br><br><br> (Super. Ct. No. 37-00074087-CU-BC-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Joel M. Pressman, Judge.  Affirmed.


Matthew Gerard Motyl, in pro. per., for Plaintiff and Appellant.

Jan I. Goldsmith, City Attorney, and Michael J. McGowan, Deputy City Attorney, for Defendants and Respondents.

Plaintiff Matthew Gerard Motyl (Plaintiff) filed a complaint asserting one cause of action for breach of contract against defendants City of San Diego (City) and Danell Scarborough (together Defendants).  The court sustained with leave to amend the

Defendants' demurrer, and Plaintiff chose not to file an amended complaint.  The court

dismissed the action, and Plaintiff appeals from the order of dismissal and resulting

judgment.  (Code Civ. Proc., § 581d.)  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Our recitation of the facts assumes the truth of the properly pleaded factual

allegations, including facts that reasonably can be inferred from those pleaded.  (*Soliz v.*

*Williams* (1999) 74 Cal.App.4th 577, 581, 584 (*Soliz*).)

Exhibit A to the complaint is a copy of a two-page document entitled "Citizens

Review Board on *Police Practices*," printed by City and updated in January 2010.

According to exhibit A, the Citizens' Review Board on Police Practices (CRB) accepts,

reviews and evaluates "serious complaints brought by the public against the Police

Department of the City of San Diego."  Each of the photocopied pages has three columns,

and in his brief on appeal, Plaintiff describes the original of exhibit A to be a "red,

white[] and blue[] brochure" (CRB brochure).

Exhibit B to the complaint contains copies of two letters on City/CRB letterhead,

addressed to Plaintiff and signed by Scarborough as "Executive Director."  In the first,

dated November 30, 2012 (November 30 letter), Scarborough acknowledged receipt of

Plaintiff's complaint and advised Plaintiff that that the complaint would be forwarded to

the San Diego Police Department's Internal Affairs Unit for investigation.[1]  In the second

letter, dated December 21, 2012, Scarborough acknowledged receipt of an amendment to

---

[1]     This is not the complaint that initiated the lawsuit underlying this appeal.

Plaintiff's complaint and advised Plaintiff that it would be "forwarded to the San Diego Police Department's Internal Affairs Unit to join [the] original complaint." In his brief on appeal, Plaintiff tells us that he received the CRB brochure (exhibit A) as an enclosure to the November 30 letter (exhibit B, p. 1).

Attached to the complaint is a copy of a two-page form entitled "Claim Against the City of San Diego (for Damages to Persons or Personal Property)" (some capitalization omitted). The form is filled in, signed by Plaintiff and dated and time-stamped October 30, 2013. In part, the form describes the following "circumstances giving rise to the claim" (capitalization omitted): based on correspondence, e-mail and telephone communications between November 2012 and October 2013, the CRB "failed to follow through with its service on August 23, 2013[,] therefore commit[t]ing a breach of contract."

In the complaint, Plaintiff alleges that a letter from the CRB dated November 26, 2013, created an "[i]mplied [a]greement by [c]orrespondence" between Plaintiff and the CRB. Plaintiff further avers that a copy of the agreement purportedly breached by City is attached as exhibit A to the complaint, yet the attached exhibit A is a copy of the CRB brochure (not a Nov. 26, 2013 letter).[2] In his complaint, Plaintiff alleges three independent breaches of contract, which he clarifies in his brief on appeal, as follows:

---

[2]    We note the following apparent inconsistencies: in attaching the CRB brochure as exhibit A to the complaint, Plaintiff alleges that the CRB brochure, which he asserts was sent to him in *November 2012*, is the express agreement that was breached; elsewhere in the complaint, Plaintiff alleges that a CRB letter dated *November 26, 2013*, forms the implied agreement at issue.

3

(1) Defendants did not categorize or consider as " 'single or on-going' " a series of four administrative complaints; (2) "Internal Affairs" did not interview Plaintiff about this series of complaints; and (3) Defendants did not notify Plaintiff "by separate letters" of any findings by either "Internal Affairs" or the CRB.[3]  Finally, Plaintiff alleges that these breaches caused him damage.

City and Scarborough each demurred to the complaint on three grounds, contending that the complaint:  failed to allege facts sufficient to constitute a cause of action; was uncertain, ambiguous and unintelligible; and failed to plead facts establishing either statutory liability or a claim not subject to applicable statutory immunity.  The record on appeal does not contain either an opposition to the demurrer or a reporter's transcript of the hearing on the demurrer.[4]  On March 7, 2014, the court sustained Defendants' demurrer, granting Plaintiff 20 days in which to amend his complaint.  When Plaintiff had not filed an amended complaint by early April, Defendants requested an order dismissing the action.  The court issued an order to show cause why the case should

---

[3]     In the clarification in his brief on appeal, Plaintiff contends these contractual "service[s]" are also contained on Defendants' Web site — without identifying the site.

[4]     In his brief on appeal, Plaintiff tells us that, at the hearing, "some bias was exhibited" by the judge.  We take such contentions seriously, but without a reporter's transcript and a developed argument (Cal. Rules of Court, rule 8.204(a)(1)(B), (C)), Plaintiff has forfeited appellate review of this issue.  (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239 [inadequate record references]; *Estate of Cairns* (2010) 188 Cal.App.4th 937, 949 [inadequate authority and argument].)

not be dismissed, and at a hearing on May 9, 2014, the court dismissed the action without prejudice.[5]

The court's signed and filed order of dismissal constitutes a final judgment (Code Civ. Proc., § 581d), and Plaintiff timely appealed from its entry.

DISCUSSION

I.

*The Standards of Review Are Well Established*

" ' "On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law." ' " (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153.) Where, as here, leave to amend is granted but Plaintiff elects not to amend the complaint, we " 'presume[] that the complaint states as strong a case as is possible [citation]; and the judgment of dismissal must be affirmed if the unamended complaint is objectionable on any ground raised by the demurrer.' " (*Soliz*, *supra*, 74 Cal.App.4th at p. 585.) Thus, "we do not consider the possibility that any defects in [the complaint] could be cured by amendment, but presume that the pleader has stated his case as strongly as it can be stated in his favor." (*Frace v. Long Beach City High School Dist.* (1943) 58 Cal.App.2d 566, 568 (*Frace*).)

---

[5] The signed minute order indicates that, at the hearing, Plaintiff orally moved the court to reconsider its order sustaining the demurrer with leave to amend. The court denied the motion on the basis Plaintiff had not met the statutory requirements for reconsideration. (See Code Civ. Proc., § 1008.) Plaintiff raises no issues on appeal with regard to the court's denial of reconsideration.

The burden is on Plaintiff to demonstrate that the trial court erred in sustaining the demurrer.  (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

II.

*Plaintiff Did Not Meet His Burden of Establishing Reversible Error*

To state a claim for breach of contract, a plaintiff must allege "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821 (*Oasis West*).)

In his brief on appeal, Plaintiff tells us that he sued Defendants for breach of contract in failing to "follow the five-steps [*sic*] of their own procedure."  We assume Plaintiff is referring to the five numbered paragraphs at the end of the CRB brochure that follow the heading, "*What happens to the complaint after it is filed with the* [*CRB*]*?*" (Boldface omitted.)  Within these five numbered paragraphs, there is language that generally tracks the three independent breaches of contract alleged in the complaint and described *ante*.  As required by the applicable standard of review, therefore, for purposes of this appeal, we have assumed that Plaintiff filed a complaint (or a series of four complaints) with the CRB, that Defendants did not comply with the CRB brochure and that Defendants' noncompliance caused Plaintiff damage.  (*Soliz*, *supra*, 74 Cal.App.4th at pp. 581, 584.)  Based on these assumptions, the issue is whether these facts — in particular, Defendants' failure to comply with the CRB brochure — constitute a cause of action for breach of contract.  (*Id.* at p. 584.)

6

As Plaintiff correctly advises, a contract is "an agreement to do or not to do a certain thing" (Civ. Code, § 1549) and may be express or implied (*id.*, § 1619). In an express contract, "the terms . . . are stated in words" (*id.*, § 1620); whereas in an implied contract, "the existence and terms . . . are manifested by conduct" (*id.*, § 1621). Thus, " '[t]he making of an agreement may be inferred by proof of conduct as well as by proof of the use of words[,]' " the major difference being merely the mode of proof used to establish the agreement. (*Grant v. Long* (1939) 33 Cal.App.2d 725, 736, 737 (*Grant*).)

In his complaint, Plaintiff alleges both that the contract at issue is implied (i.e., manifested by conduct) and that its terms are express (i.e., stated in words). In his appellate brief, Plaintiff tells us both that Defendants' offer of services was implied (i.e., manifested by conduct) and that the terms of Defendants' contractual obligations are express (i.e., stated in words). We need not determine whether the alleged agreement is express or implied, however, since under any reading of the complaint Plaintiff has not alleged the existence of a contract — the first element of a cause of action for breach of contract, as we set forth *ante*.[6] (*Oasis West*, *supra*, 51 Cal.4th at p. 821)

To plead the existence of a contract, a plaintiff must allege: "1. Parties capable of contracting; [¶] 2. Their consent; [¶] 3. A lawful object; and [¶] 4. *A sufficient cause or consideration*." (Civ. Code, § 1550, italics added.) Here, Plaintiff has not alleged

---

[6] We express no opinion whether Plaintiff sufficiently alleged the remaining elements of the cause of action for breach of contract.

7

consideration, a requirement for either an express or implied contract.[7] (*Grant*, *supra*, 33 Cal.App.2d at p. 737; see *Bennett v. Potter* (1919) 180 Cal. 736, 745 ["There must always be a consideration to support a valid promise."].)

Civil Code section 1605 defines consideration as "[a]ny benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor . . . ." Thus, the promisee must either "confer (or agree to confer) a benefit or must suffer (or agree to suffer) prejudice" in order to find consideration. (*Steiner v. Thexton* (2010) 48 Cal.4th 411, 420-421 (*Steiner*).) But not any benefit or prejudice is sufficient; "*the benefit or prejudice must have induced the promisor's promise*." (*Id.* at p. 421, italics added.) Given this standard, we consider whether Plaintiff, as the alleged promisee, "conferred or agreed to confer a benefit, or suffered or agreed to suffer prejudice that was bargained for" in the exchange between the parties. (*Ibid.*)

Although the complaint does allege that Plaintiff "has performed all obligations to [D]efendant[s]," it does not allege what those obligations were.[8] However, based on the allegations concerning the contract at issue — namely, the CRB brochure — we have

---

[7] We express no opinion whether Plaintiff sufficiently alleged the remaining requirements of pleading the existence of a contract.

[8] Plaintiff used the approved Judicial Council form for alleging a cause of action for breach of contract, which contains the above-quoted allegation in a preprinted paragraph.

little difficulty concluding that, in exchange for *whatever* Plaintiff believed the CRB or Defendants were required to do or provide (based on the CRB brochure, as alleged in his complaint, or on the unidentified Web site or the correspondence following submission of Plaintiff's written complaints, as argued in his appellate brief), Plaintiff was not required to perform any obligation. Having merely read information and submitted one or more written complaints, Plaintiff did not confer a benefit or suffer prejudice in the process — let alone one that induced a promise from either City or Scarborough. Accordingly, Plaintiff did not provide any consideration. (*Steiner*, *supra*, 48 Cal.4th at pp. 420-421.) Without consideration, as we set forth *ante*, there can be no contract. (Civ. Code, § 1550, subd. 4; see *Scottsdale Ins. Co. v. Essex Ins. Co.* (2002) 98 Cal.App.4th 86, 94-95 ["In order for a contract to be valid, the parties must exchange promises that represent legal obligations. [Citation.] An agreement is illusory and there is no valid contract when one of the parties assumes no obligation."].)

Because Plaintiff has not alleged a contract, he has not met his burden of establishing that his complaint states a cause of action as a matter of law. Thus, the trial court properly sustained Defendants' demurrer.

Finally, as a result of Plaintiff's decision not to amend his complaint in the trial court, we do not consider the possibility that Plaintiff could cure the pleading deficiency. (*Frace*, *supra*, 58 Cal.App.2d at p. 568.) The rule is that "if plaintiff fails to take advantage of the leave to amend granted by the trial court and the demurrer is found to have been properly sustained, the appellate court will not reverse a judgment of dismissal

9

even if plaintiff could possibly amend his complaint."  (*Collins v. Marvel Land Co.* (1970) 13 Cal.App.3d 34, 45.)

## DISPOSITION

The judgment is affirmed.  The City of San Diego and Danell Scarborough are awarded their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)


IRION, J.

WE CONCUR:


HALLER, Acting P. J.


AARON, J.

10