[L. A. No. 8909. Department Two.—December 12, 1927.]

NELLIE A. LANE, Respondent, v. DANA G. BING et al.,
                        Appellants.

[1] NEGLIGENCE — PERSONAL INJURIES — DRIVING OF AUTOMOBILE BY
    MINOR—NONLIABILITY OF PARENTS—NONSUIT.—In an action for
    damages against a minor and his parents for personal injuries
    sustained by a bystander who was injured in an automobile
    collision, one of which automobiles was driven by the minor, in
    the absence of any showing that the parents of the minor, who
    owned the automobile driven by him, or either of them, had signed
    an application to the state motor vehicle department for the
    issuance of an operator's license to their son, or any showing
    that the latter was either in fact or to their knowledge a careless
    or incompetent driver, or that he was engaged in any business
    or affair on behalf of his parents at the time of the accident,
    the parents could not be held liable for the injuries to plaintiff,
    and a motion for a nonsuit on their behalf should have been
    granted.

(1) 42 C. J., p. 1089, n. 53; 29 Cyc., p. 1665, n. 5.

APPEAL from a judgment of the Superior Court of Los
Angeles County.  Walton J. Wood, Judge.  Reversed.

The facts are stated in the opinion of the court.

Edward Everett for Appellants.

Underwood, Burke & Cree for Respondent.

RICHARDS, J.—This is an appeal by the defendants Dana
G. Bing and Anna H. Bing from a judgment rendered
against them and each of them and also against their minor
son, Gerald Bing, in plaintiff's favor in an action instituted
by the latter to recover damages for personal injuries alleged
to have been sustained as the result of a collision between
two automobiles, one of which was being driven by said minor
son of the appellants herein, neither of whom was present
at the time of the collision.  The chief error of which the
appellants complain is that committed by the trial court in

1. See 3 Cal. Jur. 860; Cal. Jur. 1926 Supp., p. 250.

denying their motion for a nonsuit at the close of the plaintiff's case, which motion was made upon the ground that there was no sufficient evidence in the case tending to show that their said minor son in the operation and use of said automobile at and immediately prior to the time of said collision was acting as the agent of them or either of them, or that at the time of the collision he was engaged in doing any act for the consequences of which they were as a matter of law responsible. The evidence in the case upon which said motion was predicated was briefly as follows: The automobile in question was the community property of the parents of said Gerald Bing, but was registered in the name of the father, Dana G. Bing. Gerald Bing was, at the time of said accident, between sixteen and seventeen years of age. He had driven the automobile of his parents previously upon occasions, although he had no general permission so to do, his use and operation of the automobile being that of driving his father to and from his office frequently. No license to operate automobiles had ever been issued to him, nor had any application for such right ever been made. On the evening in question, and during the absence of his parents from their home, Gerald Bing undertook to drive his sister and several of her boy and girl friends to a party, and, having done so, to convey another boy friend of himself to a theater which they were to attend. It was while thus engaged that the collision between the automobile of the Bings and an automobile of their co-defendant West occurred, as a result of which the plaintiff, who was standing on the sidewalk and in no way connected as a passenger or otherwise with either of the automobiles, received her injuries. At the close of the plaintiff's case, wherein the foregoing facts had been shown, a motion for nonsuit was made on behalf of said defendants, appellants herein, Dana G. and Anna H. Bing, upon the grounds hereinbefore stated, which motion the trial court denied, and thereafter proceeded to give to the jury certain instructions of which the appellants herein also complain. Upon the submission of the cause to the jury a verdict in the sum of five thousand dollars damages was rendered against the appellants herein and also against their minor son, Gerald Bing. It is the contention of the appellants that their motion for nonsuit should have been granted. The only brief on file herein is the opening brief of the

appellants, the respondent having filed no answer thereto, but on the trial having stipulated that the cause might be submitted upon the appellants' brief on file. [1] There would seem to be no escape from the conclusion that the trial court was in error in denying the appellants' motion for nonsuit in the light of the decision of this court upon an almost identical state of facts in the recent case of *Perry* v. *Simeone,* 197 Cal. 132 [239 Pac. 1056], and also of the conclusion arrived at by this court in the case of *Idemoto* v. *Scheidecker,* 193 Cal. 653 [226 Pac. 922], in each of which cases the situation of the appellants as to their liability for the act of their minor child is practically identical with the situation of the appellants in the instant case. In the absence of any showing that the appellants herein, or either of them, had signed an application to the state motor vehicle department for the issuance of an operator's license to their minor son, and in the absence of any showing that their minor son was either in fact or to their knowledge a careless or incompetent driver, and in the absence of any evidence that he was engaged in any business or affair on behalf of his parents at the time the plaintiff suffered the injuries complained of, it would seem to be clear that upon the foregoing authorities the appellants herein could not be held responsible for the plaintiff's said injuries, and it follows necessarily that the trial court was in error in its denial of the appellants' motion for a nonsuit at the close of the plaintiff's case. This conclusion renders it unnecessary for us to consider the alleged errors of the trial court in its instructions to the jury.

The judgment is reversed.

Shenk, J., and Langdon, J., concurred.

Hearing in Bank denied.