In the Matter of LOUIS HERSCHMAN, Petitioner, against THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— This is a review under article 78 of the Civil Practice Act of a determination of the Board of Regents revoking petitioner's license to practice medicine and canceling his registration as a physician. The petitioner is charged with agreeing to perform three criminal abortions. The Medical Grievance Committee sustained the charges and likewise the Board of Regents. The evidence sustains the findings. Determination confirmed, with $50 costs. All concur.

WALTER F. WILSON, Appellant, v. EDWIN I. HARRINGTON, Respondent.— This action is for personal injuries and property damage sustained by plaintiff by reason of an automobile collision between his car and a car owned by defendant. The defendant admitted ownership. The plaintiff proved his damages and rested on the presumption of ownership. The defendant proved that his car was stolen by the person who was driving it at the time of the accident and that no permission had been given to operate it. There was no evidence to contradict the lack of permission. Evidence to rebut the presumption was substantial. It was not improbable or inconsistent. It was not discredited. It was corroborated by independent testimony. The claim of the plaintiff that the defendant, by leaving his keys in the car, started a chain of events which led to and caused the accident as a proximate cause, was not warranted. At the close of the testimony the complaint was dismissed and judgment of dismissal was entered. Judgment affirmed, without costs. Hill, P. J., Heffernan, Foster and Lawrence, JJ., concur; Brewster, J., dissents.

In the Matter of ARNOLD A. HUTSCHNECKER, Petitioner, against THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Proceeding to review, under article 78 of the Civil Practice Act, a determination of the Board of Regents of the State of New York, in suspending for one year petitioner's indorsement and license to practice medicine in the State of New York. It has been found that petitioner committed fraud and deceit in the practice of medicine in violation of paragraph (a) of subdivision 2 of section 1264 of the Education Law, in executing a certificate of medical examination on June 27, 1942, directed to the United States Civil Service Commission, for one Gert Hans Von Gontard, in which he stated that the latter was in good physical and mental condition, able to perform duties involving arduous, physical exertion, and failed to state the medical history of Von Gontard concerning a condition of chronic inflammation of the gall bladder. The evidence sustains the finding. Determination confirmed, with $50 costs and disbursements to respondent. All concur, except Hill, P. J., who dissents.