### Helen O. Ney, Plaintiff-Appellee, v. Yellow Cab Company, Defendant-Appellant.

#### Gen. No. 45,580.

Opinion filed October 22, 1952.   Released for publication November 17, 1952.

JESMER and HARRIS, and LEO S. KARLIN, all of Chicago, for appellant; LEO S. KARLIN of Chicago, of counsel.

CHARLES D. SNEWIND, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action to recover for damages to plaintiff's automobile. Defendant's motion to dismiss and for judgment was denied. Defendant stood by the motion, and the court after hearing the evidence of plaintiff entered judgment for plaintiff in the amount of $450. Defendant has appealed.

The motion to dismiss admitted the following facts: Defendant's employee while in the scope of his employment left a taxicab of defendant unattended with key

in the ignition lock and the motor running. The cab was stolen. In making his escape, the thief negligently drove the cab into the plaintiff's parked car.

The conduct of the cab driver leaving the cab unattended, etc., violated a provision (sec. 189 (a)) of the Uniform Traffic Act (ch. 95½ [1951 Ill. Rev. Stats.; Jones Ill. Stats. Ann. 85.221, subd. (a)]). The question presented to the trial court by the defendant's motion was whether the issue of defendant's liability, and more precisely the question of proximate cause, should go to the jury.

In February, 1948 the First Division of this court in *Ostergard v. Frisch*, 333 Ill. App. 359, (Niemeyer, P. J. dissenting) involving a similar question affirmed a judgment for the plaintiff. Subsequently, in November, 1951 the Appellate Court for the Third District of Illinois in *Cockrell v. Sullivan*, 344 Ill. App. 620, reversed a judgment for the plaintiff in a similar case. That court thought "that the greater weight of authority in Illinois and other jurisdictions" supported the dissent in the *Ostergard* case. The dissent was written on the premise, contrary to the majority premise, that flight was not shown. In the instant case, and in *Cockrell v. Sullivan*, the thief was in flight when the accident happened.

Defendant contends that the majority opinion in the *Ostergard* case was founded on decisions of courts in the District of Columbia based on a different doctrine than followed in Illinois; in Louisiana where the majority view in the *Ostergard* case does not prevail; and in Massachusetts where, since the *Ostergard* case, the decision relied on in the *Ostergard* case has been reversed. Defendant argues that since the *Ostergard* decision was rendered, courts of other jurisdictions have announced a contrary doctrine. The defendant urges us to follow the decision in *Cockrell v. Sullivan*

as sounder and more logical than the *Ostergard v. Frisch* decision.

In the District of Columbia in similar cases where the primary negligence consists of the violation of a statute or ordinance, that negligence is itself the legal or proximate cause of the subsequent injury which the law violated was intended to prevent. *Ross v. Hartman*, 78 U. S. App. D. C. 217, 139 F. (2d) 14. Defendant correctly states that this holding goes further than the holdings in Illinois courts. In the absence of a violation of an ordinance or statute the District of Columbia courts apply the foreseeability rule. *Schaff v. R. W. Claxton, Inc.*, 79 U. S. App. D. C. 207, 144 F. (2d) 532.

We think that the decisions cited in the briefs to the Louisiana Court of Appeals in cases similar to the instant case depend upon whether or not the primary negligence consisted in the violation of a statute or ordinance. Where it has not, the rule announced in *Slater v. T. C. Baker Co.*, 261 Mass. 424 is followed. *Maggiore v. Laundry & Dry Cleaning Service, Inc.* (La. App), 150 So. 394; *Castay v. Katz & Besthoff* (La. App.), 148 So. 76. If the primary negligence is a violation, the rule annnounced in *Ostergard v. Frisch* will probably be followed. *Fulco v. City Ice Service, Inc.* (La. App.), 59 S. (2d) 198, 201; *Midkiff v. Watkins* (La. App.), 52 S. (2d) 573, 575.

In Massachusetts in a similar case (*Galbraith v. Levin*, 323 Mass. 255), the Supreme Court repudiated *Malloy v. Newman*, 310 Mass. 269, cited by the court in *Ostergard v. Frisch,* and reaffirmed the rule in *Slater v. T. C. Baker Co.* The rule in the *Slater* case was that larceny of an automobile and its negligent use by the thief were intervening independent acts which the defendant was not bound to anticipate and guard against. There no statute or ordinance was involved. The cases cited for the rule were *Horan v. Inhabitants of Watertown,* 217 Mass. 185; *Jacobs v. New York,*

*New Haven and Hartford R. Co.,* 212 Mass. 96; *Glassey v. Worcester Consol. Ry. Co.,* 185 Mass. 315.

In the *Horan* case the court held that where dynamite insecurely stored in a box, stolen by children, thrown into a fire, and injuring children, the negligent storing of the dynamite was not the proximate cause of the injury. In the *Jacobs* case the court held that where the plaintiff, a child, was killed by an exploding torpedo which had been negligently dropped from the baggage car of a train onto the platform, carried off the premises, and days later was exploded, the negligence of the railroad was not the proximate cause of the injury. In the *Glassey* case the court held that where a large reel placed on the side of the highway, in violation of a village by-law, and rolled down the highway so as to injure the plaintiff, the wrongful act of the railroad was not the proximate cause of the injury. In each of these cases the foreseeability rule was applied. The Massachusetts court therefore decides this kind of cases upon the foreseeability rule.

In Superior Court of New Jersey in the absence of the violation of a statute, the foreseeability rule applies. *Reti v. Vaniska, Inc.,* 14 N. J. Super. 94, 81 A. (2d) 377; *Saracco v. Lyttle,* 11 N. J. Super. 254, 78 A. (2d) 288. In Minnesota, the Supreme Court in *Anderson v. Theisen,* 231 Minn. 369 followed the *Slater, Castay,* and *Galbraith* cases. It applied the foreseeability rule in favor of the defendant.

Sec. 448 (b) of the Restatement of Torts is cited in the *Ostergard* dissent, in *Reti v. Vaniska, Inc.,* and in *Anderson v. Theisen.* In substance it is that the act of the third person in committing a crime or intentional tort is a superseding cause of the injury to another, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless there were special circumstances from which the actor reasonably should have known that his actions were availing such

165

a third person the opportunity to commit such a tort or crime.

Sec. 447 (c) of the Restatement of Torts is cited in *Galbraith v. Levin*. In substance it states that the fact that an intervening act is negligent *per se* or done negligently does not supersede the original negligence which substantially contributed to causing the harm to another, if the intervening act is a "normal" response to the situation created by the original negligence, and the manner in which the act is done is not extraordinarily negligent. The word "normal" here means not extraordinary under the circumstances, including as a circumstance the character of the persons subjected to the stimulus of the situation. (Comment on clause (c).)

In *Cockrell v. Sullivan,* the court disagreed with the majority opinion in the *Ostergard* case, that the thief of a car will not be concerned about care in driving while fleeing the scene of the theft, and thought the thief would be "meticulous" in flight in order to avoid arrest. It thought the paucity of theft cases reaching the upper courts in relation to the "tremendous number" of car thefts in the United States substantiated its view.

In *Ross v. Hartman* and *Schaff v. R. W. Claxton, Inc.,* the United States Court of Appeals recognized that statutes and ordinances similar to the Illinois statute were safety and not anti-theft measures. There was no division on this point in *Ostergard v. Frisch*. The effect of the statute is to specify a rule of conduct which in the absence of statute would be left to the standard of what was expected of a reasonably prudent man. The legislature having enacted the statute in the aid of public safety must have contemplated preventing whatever injuries could be reasonably attributed to the violation of the statute.

■■ In Illinois, the violation of a statute is prima facie negligence. *Johnson v. Pendergast*, 308 Ill. 255. The question whether the negligence is the proximate cause is governed by the customary rule in tort cases. The latest statement of the rule is in *Johnston v. City of East Moline*, 405 Ill. 460, 464. The injury must be the natural and probable result of the negligence and such as an ordinarily prudent person ought to have foreseen as likely to result, and an intervening act will not itself become the proximate cause if it was itself probable and foreseeable. In the *Ostergard* case this rule was applied by the majority. It appears therefore that fundamentally the same rule was applied in Illinois, Massachusetts, Minnesota and New Jersey but with different results. The decision in each case, whatever the result, depends upon what the court in retrospect thinks the primary tort-feasor knew or should have known for prudent foresight at the time.

■ The Illinois Supreme Court recently, in *Tatham v. Wabash R. Co.*, 412 Ill. 568, a Federal Employers' Liability suit, adopted an interpretation of the United States Supreme Court (*Lillie v. Thompson*, 332 U. S. 459) under which an employer was held to the duty of making reasonable provision against a foreseeable danger involving intentional misconduct of a third person. The *Lillie* case involved a violation of the Federal Employers' Liability Act which imposed a duty upon the employer in favor of the employee. In the instant case, the Uniform Traffic Act imposed a duty upon the defendant in favor of the public.

■ We think reasonable men might differ on the question whether defendant's driver should not have foreseen that leaving his taxicab unattended, with the key in the ignition at or near 400 W. 63rd Street in Chicago on December 20, 1947 would probably result in someone stealing it, and, while in flight, driving it

167

negligently into plaintiff's automobile. We think that reasonable men might differ on the question whether the response to the situation created by the defendant's driver in the instant case was, or was not, an extraordinary response for the thief, so as to be or not be the proximate cause of the injury. We think that they might differ on the question whether there were special circumstances surrounding the defendant's violation of the statute which made it the proximate cause of the damage that followed. For these reasons we conclude that no showing has been made upon which we should decide differently in this case than the majority in the First Division did in *Ostergard v. Frisch.* We think that the question of the defendant's liability was for the jury, and we therefore follow *Ostergard v. Frisch* and affirm the judgment.

*Affirmed.*

LEWE, P. J. and FEINBERG, J., concur.