[S. F. No. 18941.   In Bank.   June 11, 1954.]

ROBERT RICHARDS, Appellant, v. MANFRED STANLEY et al., Respondents.

Frank J. Baumgarten and Harry N. Grover for Appellant.

Clark & Heafey, Edwin A. Heafey, Gerald P. Martin and Belcher & Koller for Respondents.

TRAYNOR, J.—Plaintiff brought this action to recover damages for personal injuries suffered when his motorcycle collided with an automobile owned by defendants Mr. and Mrs. Stanley, which was being driven at the time by a thief, defendant Rawlings. The complaint alleged that Mr. and Mrs. Stanley were the owners of an automobile, which Mrs. Stanley parked on Stevenson Street near Second Street in San Francisco, leaving it "unattended and unlocked with the ignition key in said car lock" in violation of section 69 of the municipal code;* that as a result of this carelessness, defendant Rawlings

*"Sec. 69. *Requiring removal of ignition keys from noncommercial motor vehicle standing unattended in certain places, authorizing officers to remove.* No person shall leave a motor vehicle, except a commercial motor vehicle, unattended on any street, alley, used car lot, or unattended

"was thereby induced to and did enter said automobile and drove it from its parking place . . . into the intersection of Army Street and Potrero Avenue in a careless and negligent manner to the point of impact" with plaintiff's vehicle; that the accident occurred at about 5:30 p. m. of said day when the Stanleys' car driven by Rawlings struck plaintiff as he was driving his motorcycle, throwing him to the pavement; and that "by reason of the premises and the aforesaid carelessness and negligence of the defendants and each of them, there was inflicted upon plaintiff serious personal injuries." The Stanleys' general demurrer was overruled, and they answered denying the allegations of the complaint and pleading contributory negligence. At the start of the trial plaintiff offered municipal code section 69 in evidence, but the trial court excluded it. Plaintiff then sought leave to amend his complaint to state a cause of action for general negligence, but leave to amend was denied. The court then sustained the Stanleys' objection to the introduction of any evidence against them on the ground that the complaint failed to state a cause of action and granted their motion for a nonsuit. Plaintiff has appealed.

Although the ordinance provides that it shall not be admissible in evidence or have any other bearing in any civil action, plaintiff contends that it may nevertheless be relied upon as a basis for liability. He bases this contention on the theory that a city ordinance may not validly control the rules of evidence applicable in the courts and that the provision purporting to do so is severable from the remainder of the ordinance. ▮ A person may not recover damages based upon the violation of a criminal statute or ordinance, however, unless he is one of the class of persons for whose benefit the statute or ordinance was enacted. (*Nunneley* v. *Edgar Hotel*, 36 Cal.2d 493, 497 [225 P.2d 497] ; *Routh* v. *Quinn*, 20 Cal.2d 488, 491-492 [127 P.2d 1, 149 A.L.R. 215].) ▮ By providing that the ordinance should have no bearing in any civil action, the board of supervisors made clear that the ordinance was

---

parking lot, without first stopping the engine, and removing and taking the ignition key from the vehicle; provided, however, that any violation of this section shall not mitigate the offense of stealing any such motor vehicle; nor shall this section or any violation thereof be admissible as evidence affecting recovery in any civil action for theft of such motor vehicle, or the insurance thereon, or have any other bearing in any civil action. Whenever any police officer shall find any such motor vehicle standing in violation of this section, such police officer is authorized to remove therefrom the keys left therein and deliver the same to the officer in charge of the nearest police station."

not enacted for the benefit of persons who might be injured by the operation of stolen automobiles, and accordingly, whether or not it could validly affect the admissibility of evidence, it was properly excluded as irrelevant.

Plaintiff contends that even if the ordinance is disregarded, his complaint states a cause of action for negligence against Mrs. Stanley. He relies on the allegations that as a result of her negligence and carelessness in leaving the car unattended on a public street with the key in it, Rawlings was induced to steal the car, and that thereafter his negligent driving resulted in injuring plaintiff. It may be conceded at the outset that the leaving of the key in the car parked on a public street constituted negligence on the part of Mrs. Stanley toward her own and her husband's proprietary interests in the automobile, and that the intervening act of the thief in stealing the car would not insulate Mrs. Stanley from responsibility for her negligence toward such interests. (See Restatement, Torts, §§ 447, 449.) ▮ As the court stated in *Routh v. Quinn,* 20 Cal.2d 488, 491 [127 P.2d 1, 149 A.L.R. 215], however, "It is an elementary principle that an indispensable factor to liability founded upon negligence is the existence of a duty of care owed by the alleged wrongdoer to the person injured, or to a class of which he is a member." (See also *McEvoy* v. *American Pool Corp.,* 32 Cal.2d 295, 298 [195 P.2d 783]; Rest., Torts, § 281 (a), (b), comments c, e, g.) Accordingly, it is necessary to consider the scope of the duty of the owner of an automobile to control his property for the protection of persons on the public streets.

Given a statute prohibiting the leaving of the key in an unattended vehicle on the public street, it could reasonably be contended that the Legislature had established a duty on the part of motorists to protect persons on the streets from any damage caused by thieves driving stolen automobiles. (See *Ross* v. *Hartman,* 78 App.D.C. 217 [139 F.2d 14, 15, 158 A.L.R. 1370]; *Ney* v. *Yellow Cab Co.,* 2 Ill.2d 74 [117 N.E.2d 74, 77-78]; *Ostergard* v. *Frisch,* 333 Ill.App. 359 [77 N.E.2d 537, 539].) ▮ In the absence of such a statute, however, it has generally been held that the owner of an automobile is under no duty to persons who may be injured by its use to keep it out of the hands of a third person in the absence of facts putting the owner on notice that the third person is incompetent to handle it. (*Baugh* v. *Rogers,* 24 Cal.2d 200, 214 [148 P.2d 633, 152 A.L.R. 1043]; *Lane* v. *Bing,* 202 Cal. 590, 592 [262 P. 318]; *Perry* v. *Simeone,* 197 Cal. 132,

138 [239 P. 1056]; *Buelke* v. *Levenstadt,* 190 Cal. 684, 688-689 [214 P. 42]; *McCalla* v. *Grosse,* 42 Cal.App.2d 546, 550 [109 P.2d 358]; *Brown* v. *Chevrolet Motor Co.,* 39 Cal.App. 738, 741 [179 P. 697]. See also *Kiste* v. *Red Cab, Inc.,* 122 Ind.App. 587 [106 N.E.2d 395, 398]; *Castay* v. *Katz & Besthoff, Ltd.,* (La.App.) 148 So. 76, 78; *Galbraith* v. *Levin,* 323 Mass. 255 [81 N.E.2d 560, 564]; *Anderson* v. *Theisen,* 231 Minn. 369 [43 N.W.2d 272, 273]; *cf., Johnstone* v. *Panama Pac. I. E. Co.,* 187 Cal. 323, 329-330 [202 P. 34]; Rest., Torts, § 390.)

Plaintiff contends, however, that since both theft and negligent driving on the part of the thief were foreseeable consequences of leaving the key in the car, Mrs. Stanley created an unreasonable risk to persons on the streets and was therefore negligent toward him. He relies upon *Ney* v. *Yellow Cab Co.,* 2 Ill.2d 74 [117 N.E.2d 74, 79], where the court stated: "The increase in population and number of motor vehicles owned and operated in this country in the past few years is well known. The increase of casualties from traffic accidents is a matter of common knowledge and concern. The incidence of automobile thefts and damages and injuries resulting from such larcenous escapades has accordingly increased. Juvenile delinquency has reached proportions alarming to everyone. Three major wars during the lifetime of this generation have had their effect upon the mental attitudes, not only upon those who endured the physical suffering and mental anguish, but upon all our society. Comparative regard and disregard for the rights and property of others have not been unaffected. Automobiles, once considered a luxury, are now considered by many to be a necessity. The man who once walked a mile now drives a block. The speed and power of automobiles have increased to the extent that safety experts are now showing keen awareness of their potentials even in the hands of rightful owners and careful operators. Incidents of serious havoc caused by runaway thieves or irresponsible juveniles in stolen or 'borrowed' motor vehicles frequently shock the readers of the daily press. With this background must come a recognition of the probable danger of resulting injury consequent to permitting a motor vehicle to become easily available to an unauthorized person through violation of the statute in question." These considerations were undoubtedly persuasive in motivating the Illinois Legislature to pass a statute prohibiting owners from leaving keys in their unattended

vehicles and in leading the Illinois Supreme Court to construe the statute as one intended for the benefit of persons who might be injured by the operation of stolen cars. In the absence of statute, however, we do not feel that they justify the recognition of a duty on the part of car owners to protect the public from the risk of the motoring activities of thieves, when to do so would result in imposing greater liability than is now provided by statute when the owner voluntarily entrusts his car to another. (See Veh. Code, § 402.)

The problem is not answered by pointing out that there is a foreseeable risk of negligent driving on the part of thieves. ■ There is a foreseeable risk of negligent driving whenever anyone drives himself or lends his car to another. That risk has not been considered so unreasonable, however, that an owner is negligent merely because he drives himself, or lends his car to another, in the absence of knowledge on his part of his own or the other's incompetence. Moreover, by leaving the key in the car the owner does not assure that it will be driven, as he does when he lends it to another. At most he creates a risk that it will be stolen and driven. The risk that it will be negligently driven is thus materially less than in the case in which the owner entrusts his car to another for the very purpose of the latter's use.

In one sense the problem presented involves the duty of the owner of an automobile so to manage it as not to create an unreasonable risk of harm to others. It bears emphasis, however, that when Mrs. Stanley left the car it was in a position where it could harm no one, and no harm occurred until it had been taken by a thief. Thus a duty to prevent such harm would involve more than just the duty to control the car, it would involve a duty to prevent action of a third person. ■ Ordinarily, however, in the absence of a special relationship between the parties, there is no duty to control the conduct of a third person so as to prevent him from causing harm to another. (*Lane* v. *Bing,* 202 Cal. 590, 592 [262 P. 318] ; see *Ellis* v. *D'Angelo,* 116 Cal.App.2d 310, 317 [253 P.2d 675] ; Rest., Torts, § 315; Harper and Kime, *The Duty to Control the Conduct of Another,* 43 Yale L.J. 886.) Moreover, this rule is applicable even in cases in which the third person's conduct is made possible only because the defendant has relinquished control of his property to the third person, at least if the defendant has no reason to believe that the third person is incompetent to manage it. Thus, as noted above, an automobile owner is not ordinarily negligent if

he lends his car to another; except in certain special circumstances, a lessor may rely on his lessee to discharge the duty to maintain the premises in reasonably safe condition for the benefit of persons entitled to such protection (see Restatement, Torts, §§ 355-362; *Goodman* v. *Harris*, 40 Cal.2d 254, 261, 265 [253 P.2d 447]); and a supplier of lumber is entitled to assume that a building contractor will not negligently select an obviously defective piece of lumber to use as a support for a scaffold. (*Stultz* v. *Benson Lbr. Co.*, 6 Cal.2d 688, 694-695 [59 P.2d 100].)

In the present case Mrs. Stanley did not leave her car in front of a school where she might reasonably expect irresponsible children to tamper with it (see Restatement, Torts, § 302, illus. 7), nor did she leave it in charge of an intoxicated passenger as did defendant in *Morris* v. *Bolling*, 31 Tenn. App. 577 [218 S.W.2d 754]. By leaving the key in her car she at most increased the risk that it might be stolen. Even if she should have foreseen the theft, she had no reason to believe that the thief would be an incompetent driver. ■ In view of the fact that the risk of negligent driving she created was less than the risk she might intentionally have created without negligence by entrusting her car to another, and in the light of the rule that she owed no duty to protect plaintiff from harm resulting from the activities of third persons, we conclude that her duty to exercise reasonable care in the management of her automobile did not encompass a duty to protect plaintiff from the negligent driving of a thief.

Plaintiff contends, however, that reasonable minds might differ as to whether or not Mrs. Stanley was negligent toward him, and that accordingly, the question must be submitted to the jury. In *McEvoy* v. *American Pool Corp.*, 32 Cal.2d 295, 298 [195 P.2d 783], the court pointed out that, "The conclusion that certain conduct is negligent involves the finding both of a legal duty to use due care and a breach of such duty by the creation of an unreasonable risk of harm."

■ When, as in the McEvoy case, the existence of a duty rests on the reasonable foreseeability of injury to the plaintiff, it may become primarily a question for the jury unless reasonable minds cannot differ. Necessarily involved in submitting the case to the jury, however, is a preliminary determination that, granted a foreseeable risk, a duty arises. On the other hand, there are many situations involving foreseeable risks where there is no duty. Thus in *Routh* v. *Quinn*, 20 Cal.2d 488 [127 P.2d 1, 149 A.L.R. 215], although the tax

assessor could reasonably have foreseen that his error in computation would invalidate a tax sale to the purchaser's detriment, the court held that the assessor was under no duty to the purchaser to exercise due care in his computations. Determinations of the duty issue as a matter of law adversely to the plaintiff are particularly common in situations similar to that in the present case, in which the defendant's responsibility for the activities of third persons is involved. Thus in *Lane* v. *Bing, supra,* 202 Cal. 590, it was held in the absence of statute that as a matter of law a parent was not liable for the negligent driving of the parent's car by his minor child in the absence of a showing that the child was an incompetent driver. Similarly, in *Goodman* v. *Harris,* 40 Cal.2d 254 [253 P.2d 447], it was held that a lessor was not liable to a business invitee of his lessee even though he was aware of a dangerous condition existing on the premises, could have foreseen injury to visitors, and could have prevented the continuance of the dangerous condition by canceling the lease. Although in both of the foregoing situations it would be difficult to say that reasonable minds could not differ as to whether or not a duty should be imposed, the question was one of law for the court, and not for the jury, to decide.

Were we to hold that it is for the jury to decide whether Mrs. Stanley was under a duty to plaintiff to protect him from the negligent operation of her automobile by a thief, it would logically follow that in many situations where one person entrusts his car to another, a jury question would arise as to whether or not the owner should have foreseen an unreasonable risk to persons on the highway. It is a matter of common knowledge that drivers under 25 years of age as a class have more accidents than older drivers and that they must pay more for insurance. There may be other classes of drivers with similar accident experience. Nevertheless, an owner is not negligent if he entrusts his automobile to a member of such a class unless he knows or has reason to believe that the driver is incompetent, and in the absence of such knowledge he is under no common-law duty to protect third persons from possible misconduct on the part of the driver. (*Lane* v. *Bing, supra,* 202 Cal. 590, 592; *Baugh* v. *Rogers, supra,* 24 Cal.2d 200, 214; see also *Leo* v. *Dunham,* 41 Cal.2d 712, 715 [264 P.2d 1]; *Rodabaugh* v. *Tekus,* 39 Cal. 2d 290, 294 [246 P.2d 663].)

It is true that the problem of protecting persons on the public highways from the negligent operation of automobiles

by financially irresponsible persons is less acute when the car is being driven with the permission of the owner than when it is being driven by a thief. In the former case negligence is imputed to the owner under section 402 of the Vehicle Code. Since the liability under section 402 is limited in amount, however, the problem of whether or not the owner is also under a common-law duty in the case of permissive use is not eliminated by the statute. Moreover, we could not avoid that problem here by adopting a special rule applicable only to the liability of owners of stolen automobiles without creating an anomalous situation with respect to the limits of liability. If such a rule were adopted, a person whose car was stolen would be subject to unlimited liability, although a person who entrusted his car to another would be protected by the $5,000 and $10,000 limits set forth in section 402. This result would follow although the risk created by the owner of the stolen car by leaving the key therein was materially less than that created by the owner who gave permission to another to use his car. These considerations suggest that the basic problem is really not one of negligence on the part of the owner, but rather whether or not the hazards inherent in the use of automobiles are so great that liability should be imposed on the owner without fault for any damage done by the operation of his vehicle. The Legislature has imposed such liability within limits by providing that the negligence of a driver using an automobile with the express or implied consent of the owner shall be imputed to the owner. If it is to be extended further it is for the Legislature and not for the court to do so.

There is nothing in *McEvoy* v. *American Pool Corp.*, 32 Cal.2d 295 [195 P.2d 783], and *Benton* v. *Sloss*, 38 Cal.2d 399 [240 P.2d 575], contrary to our conclusion here. Those cases both held that the negligent driving on the part of a third person that caused a collision was not such an unforeseeable intervening cause as would relieve the defendant of liability for his own negligence toward the plaintiff, which also contributed to the injury. There is a clear distinction, however, between the problem of foreseeability of intervening causes in determining whether the defendant's conduct was the proximate cause of an injury, and the problem of foreseeability in determining whether the defendant was negligent at all. In the latter case the problem is whether or not the defendant's conduct was wrongful toward the plaintiff, while in the former it is whether he should be relieved of responsi-

bility for an admitted wrong because another's wrongful conduct also contributed to the injury. The difference in treatment of these two problems is aptly illustrated by comparing the rule recently restated in *Leo* v. *Dunham,* 41 Cal.2d 712, 715 [264 P.2d 1], with the rule applied in the McEvoy and Benton cases. In the Leo case the court in discussing the negligence issue stated: " 'The general rule is that every person has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable grounds to think otherwise it is not negligent to assume that he is not exposed to danger which comes to him only from violation of law or duty by such other person.' (*Harris* v. *Johnson,* 174 Cal. 55, 58 [161 P. 1155, Ann.Cas. 1918E 560, L.R.A. 1917C 477] . . .)" (See also *Rodabaugh* v. *Tekus, supra,* 39 Cal.2d 290, 294; Rest. Torts, §§ 433, 447, 449.) Thus, although it is clear that under the rule of the McEvoy and Benton cases, Mrs. Stanley would not be relieved from liability by the intervening negligent driving of the thief were she under a duty to protect plaintiff from injury from that source, since no such duty exists, no problem of intervening causation arises.

The judgment is affirmed.

Shenk, J., and Edmonds, J., concurred.

SCHAUER, J.—I concur in the judgment on the ground that defendant was not bound to anticipate that any person would steal her car or commit any other crime in respect to it, and, accordingly, defendant owed no duty to anyone growing out of the unlawful taking and operation of the vehicle.

SPENCE, J.—I dissent.

In my opinion, the complaint was sufficient to state a cause of action for negligence without reference to the alleged violation of the ordinance, and the trial court therefore erred in granting the motion to exclude any evidence and in granting the motion for nonsuit without taking any evidence.

It was alleged in the complaint that defendant Mary Stanley, at about 5:30 p. m. on the day of the accident, left her automobile "unattended and unlocked with the ignition key in said car lock" on "Stevenson Street, west of Second Street" in San Francisco; and that "by reason of the carelessness and negligent action of the said defendant, Mary Stanley, in leaving the aforesaid automobile unattended on a public

street, unlocked, with the key in said lock . . . the defendant, Robert J. Rawlings was thereby induced to and did, enter said automobile and drove it from its parked place over various streets'' in San Francisco ''in a careless and negligent manner to the point of impact . . . '' with plaintiff's vehicle. It was further alleged that the collision occurred at Army Street and Potrero Avenue in San Francisco at about 5:45 p. m. of said day, and that defendant Rawlings then and there so carelessly and negligently operated said automobile as to cause said collision; and that by reason of ''the aforesaid carelessness and negligence of the defendants and each of them'' serious injuries were inflicted upon plaintiff.

The charging allegations of the complaint therefore appear sufficient as against defendant Mary Stanley, unless it may be said *as a matter of law* that they were insufficient to show a violation by defendant Mary Stanley of a duty of care owing to persons lawfully using the streets, or unless it may be said *as a matter of law* that, assuming a showing of a violation of a duty of care toward persons lawfully using the streets, they were insufficient to show that such violation was a proximate cause of the injuries to plaintiff. I do not believe that it may be said *as a matter of law* that said allegations were insufficient in either respect. Under these circumstances, the motion to exclude all evidence should have been denied and the motion for nonsuit should not have been entertained until plaintiff had had the opportunity to present his case. Then, if the evidence presented showed a situation upon which reasonable minds could differ upon these issues, the motion for nonsuit should have been denied and the issues should have been presented to the jury under appropriate instructions.

There is a conflict of authority on the general subject under discussion in the various jurisdictions. (See cases collected: Annos. 26 A.L.R. 912; 158 A.L.R. 1374.) Thus, the owner of a negligently parked car has been absolved from liability for damages arising from a thief's negligent driving of the car into plaintiff's vehicle, upon the theory that the thief's act was the proximate cause of the accident and the car owner's original negligence was too remote to be connected as a cause therewith. (*Kiste* v. *Red Cab, Inc.*, 122 Ind.App. 587 [106 N.E.2d 395]; *Castay* v. *Katz & Besthoff, Ltd.*, (La.App.) 148 So. 76; *Galbraith* v. *Levin*, 323 Mass. 255 [81 N.E.2d 560]; *Anderson* v. *Theisen*, 231 Minn. 369 [43 N.W.2d 272]; *Reti* v. *Vaniska, Inc.*, 14 N.J. Super. 94 [81 A.2d

377]; *Wilson* v. *Harrington,* 269 App.Div. 891 [56 N.Y.S.2d 157], aff. 295 N.Y. 667 [65 N.E.2d 101].) In similar circumstances the contrary has been held upon the premise that there may be a plurality of causes cooperating to produce plaintiff's injuries, each of which is sufficient to permit a jury to impose liability. (*Ostergard* v. *Frisch,* 333 Ill.App. 359 [77 N.E.2d 537]; *Ney* v. *Yellow Cab Co.,* 348 Ill.App. 161 [108 N.E.2d 508]; *Morris* v. *Bolling,* 31 Tenn.App. 577 [218 S.W.2d 754]; *Ross* v. *Hartman,* 78 U.S.App.D.C. 217 [139 F.2d 14, 158 A.L.R. 1370], cert. den. 321 U.S. 790 [64 S.Ct. 790, 88 L.Ed. 1080]; *Schaff* v. *R. W. Claxton, Inc.,* 79 U.S.App. D.C. 207 [144 F.2d 532]; *R. W. Claxton, Inc.* v. *Schaff,* 83 U.S.App.D.C. 217 [169 F.2d 303].)

In *Ross* v. *Hartman* (1943), *supra,* the owner's employee violated an ordinance when he left the automobile parked on the street with the key in the ignition switch. Such violation was deemed negligence *per se* and constituted the proximate cause of the injuries to plaintiff, requiring the owner of the car to respond in damages though the theft of the car and its negligent operation by the thief had intervened. In so holding the court expressly overruled its contrary decision made 27 years previously (*Squires* v. *Brooks,* 44 App.D.C. 320), which had held that the intervening act of a third person who steals a car absolves the driver who left the keys in the car from responsibility for a resulting accident. Such decision, the court said at page 14 (139 F.2d), could not be reconciled "with facts which have become clearer and principles which have become better established than they were in 1916." While in the Ross case the court gave controlling effect to the ordinance as a safety measure designed to prevent children and thieves from tampering with an unlocked vehicle, the court, in passing on the problem, pertinently added at page 15 [139 F.2d]: "Everyone knows now that children and thieves frequently cause harm by tampering with unlocked cars. The danger that they will do so on a particular occasion may be slight or great. *In the absence of an ordinance, therefore, leaving a car unlocked might not be negligent in some circumstances, although in other circumstances it might be both negligent and a legal or 'proximate' cause of a resulting accident."* (Emphasis added.)

Then in *Schaff* v. *R. W. Claxton, Inc.* (1944), *supra,* 144 F.2d 532, the same court followed its reasoning in the Ross case, though it did not involve a violation of the ordinance through leaving an unlocked car on the street—a "public

place." Rather the driver parked the car in a restaurant's "private parking space," with the key left in the ignition switch. A stranger drove off with the car and injured the plaintiffs. Although there was no applicable ordinance, it was held that it was a question of fact for the jury as to whether the negligence of the original driver, combined with that of the thief, under the circumstances, was the "proximate cause of the accident." (P. 533 [144 F.2d].) (In accord: *R. W. Claxton, Inc.* v. *Schaff* (1948), *supra*, 169 F.2d 303, cert. den. 335 U.S. 871 [69 S.Ct. 168, 93 L.Ed. 415].)

In Illinois there is a split of authority on the subject. There, as in the District of Columbia, the liability of the owner for damages by reason of the negligent operation of his car by a thief is predicated upon the violation of an ordinance setting up the statutory standard of care to be expected of a reasonably prudent man in parking his car. However, contrary to the rule of the Ross case, in Illinois violation of the ordinance is not deemed negligence *per se* in fixing the owner's conduct as the "legal cause" of the harm to plaintiff, but is only prima facie evidence of negligence. (*Johnson* v. *Pendergast*, 308 Ill. 255 [139 N.E. 407].) Whether the primary negligence of the owner of the car is the proximate cause of the accident is governed by the customary rule in tort cases. (*Ostergard* v. *Frisch* (1948), *supra*, 77 N.E.2d 537, 541.) Thus in the Ostergard case it was held that the theft and subsequent negligent operation of the car by the thief in the course of flight were *reasonably foreseeable risks* of leaving a car standing unattended with the key in the ignition switch, which risks must be guarded against at the owner's peril. Then in *Cockrell* v. *Sullivan* (1951), 344 Ill.App. 620 [101 N.E.2d 878], the court specifically repudiated the reasoning of the Ostergard case and held, citing the dissent in that case, that as a matter of law, the thief's negligent use of the stolen car broke the chain of causation between the primary negligence of the owner of the car and the subsequent accident to plaintiff. However, in *Ney* v. *Yellow Cab Co.* (1952), *supra*, 108 N.E.2d 508, the court reaffirmed the foreseeability rule as applied in the Ostergard case and expressly held that the issue of the car owner's liability, or more precisely the question of proximate cause, was for the jury's determination. Whether a reasonable man should have foreseen that leaving his car on the street unattended, with the key in the ignition "would probably result in someone stealing it, and, while in flight, driving it negligently into plaintiff's automobile" and whether

the thief's "response to the situation created" by the negligent parking of the car was normal or "extraordinary . . . so as to be or not to be the proximate cause of the injury" that followed were questions of which "reasonable men might differ" and so "for the jury." (108 N.E.2d 511; see also *Morris* v. *Bolling* (Tenn.App. 1948), *supra,* 218 S.W.2d 754, 758.)

The above mentioned split in authority in Illinois has now been resolved since the Supreme Court of Illinois, during the pendency of this appeal, has decided the case of *Ney* v. *Yellow Cab Co.,* 2 Ill.2d 74 [117 N.E.2d 74], affirming the judgment of the First District Appellate Court in *Ney* v. *Yellow Cab Co., supra,* 108 N.E.2d 508.

The precise question here presented has not been decided in this state. However, the subject of intervening acts has been considered by this court in several recent cases. In *Eads* v. *Marks,* 39 Cal.2d 807, this court said at page 812 [249 P.2d 257]: "Where the intervening act is reasonably foreseeable, the chain of causation is not broken, and the original actor remains liable. (*Mosley* v. *Arden Farms Co.,* 26 Cal.2d 213 [157 P.2d 372, 158 A.L.R. 872]; *Osborn* v. *City of Whittier,* 103 Cal.App.2d 609 [230 P.2d 132].)"

In *McEvoy* v. *American Pool Corp.,* 32 Cal.2d 295, 298-299 [195 P.2d 783], the following rules from the Restatement of Torts with respect to proximate causation were cited with approval. Section 447: "The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if (a) the actor at the time of his negligent conduct should have realized that a third person might so act." Section 449: "If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which make the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby." Section 453, comment (a): "If the facts are undisputed, it is usually the duty of the court to apply to them any rule which determines the existence or extent of the negligent actor's liability. If, however, the negligent character of the third person's intervening act or the *reasonable foreseeability of its being done* is a factor in determining whether the intervening act relieves the actor from liability for his antecedent negligence, and under the

undisputed facts there is room for reasonable difference of opinion as to whether such act was negligent or foreseeable, the question should be left to the jury.'' (Emphasis added.)

In the McEvoy case, Jack McEvoy was employed by the defendant corporation as a service man. In making his weekly calls for the servicing of swimming pools, he used his own car, being paid for its use by the company. His work required that he carry in his car ''highly dangerous'' chemicals as part of the service equipment. One night while off duty his car was struck by a hit-and-run driver and overturned, the impact causing certain glass jars to break, with the result that the chemicals therein burned his mother, who was riding with him. A nonsuit was granted in her action against the company. In reversing the judgment, this court said at page 299: ''In the light of the foregoing [the above Restatement rules] we cannot say, as a matter of law, that defendants are relieved from liability for negligence by the intervening conduct of their employee or the hit-and-run driver . . . the jury could have found that defendants owed a duty to persons in plaintiff's situation, and they cannot escape responsibility for their failure to perform that duty merely because of intervening acts the likelihood of which they reasonable should have foreseen. In regard to Jack's conduct in leaving the chemicals in the car, there was evidence that defendants failed to give his adequate notice of the extremely dangerous character of the liquids and that he was unaware that they were dangerous. The jury could have found that defendants had knowledge that their employees did not remove the glass jars from their cars at night before driving for pleasure and that defendant should have foreseen the likelihood of such conduct on the part of Jack on the night of the accident. As for the intervening negligence of the unknown driver, the jury could have found, in view of the frequency of automobile accidents, that defendants should have foreseen that a third person might cause the type of accident which occurred.''

The principles of the McEvoy case on the questions of intervening negligence and causation were followed in *Benton* v. *Sloss*, 38 Cal.2d 399 [240 P.2d 575]. There Sloss, a used car dealer, during sale negotiations with a 19-year-old boy, Jay Fetters, allowed him to drive an old defective automobile over a weekend. Sloss knew that Jay had no driver's license. While driving in the country that Sunday afternoon with some other young people, Jay, in an attempt to

avoid colliding with another vehicle, ran his car off the highway and skidded into a telephone pole, causing injuries to plaintiffs, who were riding as guests in Jay's car. In affirming a judgment in plaintiffs' favor against Sloss, this court said at page 405: "Jay's negligent driving was unquestionably a cause of plaintiffs' injuries. Sloss' negligence was also a cause of those injuries, *if it was a substantial factor in bringing them about. (McEvoy v. American Pool Corp.,* 32 Cal.2d 295, 298 [195 P.2d 783]; Rest., Torts, § 431.) This *question of fact* the trial court resolved in plaintiffs' favor. . . . *The negligent conduct of Jay did not relieve Sloss from liability, for the likelihood of negligent operation of the vehicle was one of the hazards that Sloss could reasonably foresee. (Mosley v. Arden Farms Co.,* 26 Cal.2d 213, 219, 220 [157 P.2d 372, 158 A.L.R. 872]; *McEvoy v. American Pool Corp., supra,* 32 Cal.2d 295, 298; *Lacy v. Pacific Gas & Elec. Co.,* 220 Cal. 97 [29 P.2d 781]; *Opple v. Ray,* 208 Ind. 450, 456 [195 N.E. 81]; see Rest., Torts, § 447.)"

In the light of the foregoing principles, plaintiff properly maintains that whether the leaving of the key in the ignition switch of the Stanleys' unlocked car parked on a downtown street was negligence, and if so, whether it was a proximate cause of plaintiff's injuries were questions on which reasonable minds might differ, and so were for the jury's determination. The fact that Rawlings' negligent operation of the car was itself a proximate cause and was preceded by his criminal act of theft was not determinative under the circumstances. (*Ross v. Hartman, supra,* 139 F.2d 14, 16.) The accident here happened within approximately three miles from the place where the Stanleys' unlocked car was parked and about fifteen minutes after the negligent parking. The leaving of keys in an unlocked car on a public street in a city's populous district might reasonably be regarded as almost an invitation to a thief to take it, and its subsequent negligent operation by the thief in the course of flight might reasonably be held a foreseeable risk which the owner of the car assumed in consequenc of his negligent act. (Rest., Torts, §§ 448, 449.) Any language in the cases of *Hale v. Pacific Tel. & Tel. Co.,* 42 Cal.App. 55, 59 [183 P. 280], and *Frace v. Long Beach City High Sch. Dist.,* 58 Cal.App.2d 566, 572 [137 P.2d 60], indicating a contrary view should be disapproved. (See *"Proximate Cause in California"* by William L. Prosser, 38 Cal.L.Rev. 369, 372.)

The general rule of tort liability is applicable in this case: that if an injury occurs from two causes, both due to the negligence of different persons, but together constituting an efficient cause, all persons whose acts contribute to the injury are liable therefor, and the negligence of one does not excuse the negligence of the other. (38 Am.Jur. § 70, p. 726; *Morris* v. *Bolling* (Tenn.App.), *supra,* 218 S.W.2d 754, 758.) Having created the risk by the negligent parking of his car, the owner may fairly be held responsible for the harm caused thereby rather than be absolved, as a matter of law, from all liability to the innocent victim of his original wrongdoing. (*Ross* v. *Hartman, supra,* 139 F.2d 14, 16.) Such conclusion accords with the general rule that ordinarily the "issue of proximate cause is essentially one of fact" (*Mosley* v. *Arden Farms Co., supra,* 26 Cal.2d 213, 219) and follows the sound reasoning of *Ross* v. *Hartman, supra,* 139 F.2d 14, cert. den. 321 U.S. 790; *Schaff* v. *R. W. Claxton, Inc., supra,* 144 F. 2d 532; *Ney* v. *Yellow Cab Co., supra,* 117 N.E.2d 74; and other like cases above cited wherein the question here presented has been adjudicated.

It is significant to note that the majority opinion apparently concedes that an owner may be held liable under some circumstances for the negligent driving of the automobile by a thief resulting from the negligent leaving of an unlocked car upon the street. It mentions the situation where an unlocked car is left in front of a school (Rest., Torts, § 302, illus. 7) and the situation where a car is left unlocked with an intoxicated passenger therein. (*Morris* v. *Bolling* (Tenn. App.), *supra,* 218 S.W.2d 754.) But if any of these situations presents a question of fact for the jury, it would seem to follow that a similar question of fact is presented where the car is left unlocked on a public street during rush hours in the business district of a populous city. In any event, the result of the trial court's rulings here was to prevent the amendment of the complaint or the introduction of any evidence to show the circumstances. It therefore appears that even under the theory of the majority, the challenged judgment cannot be affirmed.

I would reverse the judgment.

Carter, J., concurred.

Appellant's petition for a rehearing was denied July 7, 1954. Carter, J., and Spence, J., were of the opinion that the petition should be granted.