[Civ. No. 27900.   Second Dist., Div. Two.   Jan. 25, 1965.]

CARL GRAFTON, Plaintiff and Appellant, v. JOSEPH MOLLICA, Defendant and Respondent.

Richards, Watson & Hemmerling, Clifford A. Hemmerling and John T. Butchko for Plaintiff and Appellant.

Morgan, Holzhauer, Burrows, Wenzel & Lynberg, Wm. Marshall Morgan and Albert J. Holzhauer for Defendant and Respondent.

ROTH, P. J.—Appellant, Carl Grafton, appeals from a judgment entered against him on a directed verdict in an action for personal injuries.

On May 12, 1961, respondent, accompanied by his 27 months' old nephew, drove his automobile into a service station to be serviced. Appellant was employed as an attendant. The car was lubed and oiled by appellant. Respondent and the boy waited on the premises. Part of the time respondent chatted with appellant. The boy played in and around the station, generally engaging in activities which required respondent to restrain him.

When the lube job was completed, the car was lowered to the ground. Respondent and the boy then occupied the front seat of the car. Respondent asked appellant to check the automatic transmission fluid. This service to be properly performed, requires the engine to be running when the check is made. Respondent, sitting behind the wheel, started the engine. Appellant walked to the front of the car, lifted the hood and removed the dip stick from the transmission slot located on the passenger side of the engine, and walked back to respondent and showed the dip stick to respondent. Appellant's testimony on this point was corroborated by a Mrs. Bedell, a cashier working at the same station. Respondent, however, testified he was out of the car on the steering wheel side at the time appellant showed him the dip stick. Appellant replaced the dip stick and started to walk around the front of the car to the left front corner thereof in order to lower the hood.

Appellant further testified that during the time he was checking the transmission fluid, and replacing the dip stick,

respondent was seated behind the wheel when he went to lower the hood, but admitted that while replacing the dip stick, he noticed the little boy was standing on the front seat with his hand on the steering wheel. He testified, however, that he did not see respondent get out from behind the wheel of the car. When appellant reached the left front center of the car, he looked up and noticed that respondent was standing by the car's left front door. At the same moment the car lurched forward and crushed appellant against a concrete wall some 3 or 4 feet distant from the front of the car, as a consequence of which appellant suffered the injuries for which he seeks damages.

Stansbury, in California Trial and Appellate Practice, page 760, makes a succinct and complete statement of the power of the trial court to direct a verdict: "A case can be taken from the jury because of insufficient evidence only when, disregarding all questions of credibility, and all unfavorable evidence, and indulging all rational inferences to help the resisting party, there is still a *total* lack of substantial evidence to support a verdict in his favor. The issue is then one of law, with nothing for the jury to decide, since the evidence will support only one possible verdict and that against him."

In *Herrera* v. *Southern Pac. Co.*, 155 Cal.App.2d 781, at page 783 [318 P.2d 784], the court states the rule conversely thus: " 'Unless it can be said as a matter of law, that . . . no other reasonable conclusion is legally deducible from the evidence, and that any other holding would be so lacking in evidentiary support that a reviewing court would be impelled to reverse it upon appeal, or the trial court to set it aside as a matter of law, the trial court is not justified in taking the case from the jury. . . .' " (*Casey* v. *Proctor*, 59 Cal.2d 97, 100 [28 Cal.Rptr. 307, 378 P.2d 579].)

It is clear from the rule, however stated, that a directed verdict cannot be granted when there is any evidence or an inference which can be drawn from evidence, which will support appellant's complaint and certainly cannot be granted where there is a conflict of substantial evidence.

The evidence we have outlined shows a clear conflict on the issue of contributory negligence thus leaving for the jury the question whether the situation was such as to impel appellant as a reasonably prudent man to see or have foreseen that he was in danger. When reasonable foreseeability of injury is involved, the latter element is a jury question unless reasonable minds could not differ. (*Richards* v. *Stanley*, 43 Cal.2d 60, 66-67 [271 P.2d 23] ; *Amaya* v. *Home Ice, Fuel &*

*Supply Co.,* 59 Cal.2d 295, 307 [29 Cal.Rptr. 33, 379 P.2d 513].) Therefore, the primary question presented is: Was the uncontradicted evidence on the issue of respondent's negligence insufficient as a matter of law to support a finding of negligence?

Since in any case based upon negligence the existence of a duty of care is an indispensable element to plaintiff's case, the question becomes: Was there a duty upon respondent on the facts of this case to protect appellant against the acts of the boy? It was upon this basis that the trial court directed the verdict and respondent concedes this to be the nub of the question.

██ It is hornbook law that ordinarily, in the absence of a special relationship between the parties, there is no duty to control the conduct of a third person so as to prevent him from causing harm to another and that this rule applies even where the third person's conduct is made possible only because the defendant has relinquished control of his property to the third person, unless the defendant has reason to believe that the third person is incompetent to manage it. (*Richards, supra,* 43 Cal.2d 60, 65.) In other words of the Restatement, "It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." (Rest., Torts, § 308.) Comment *b* of § 308 provides: "The rule stated in the Section has its most frequent application where the third person is a member of a class which is notoriously likely to misuse the thing which the actor permits him to use. Thus, it is negligence to place loaded firearms or poisons within reach of young children or feebleminded adults."

██ We consider that leaving an active 2½-year-old boy alone in the front seat of an automobile with the engine running, is at least comparable to placing a loaded firearm in his hands.

The potentiality of harm created when a 27-month old active boy is left alone in the front seat of a car with the engine running, and when respondent knows that appellant is required to go to the front of the car, is clearly so great as to impose a duty of care, the breach of which borders on negligence as a matter of law. At the very least it created a question of fact for the jury.

The most recent Supreme Court expression of this reasoning is found in *Hergenrether* v. *East*, 61 Cal.2d 440 [39 Cal. Rptr. 4, 393 P.2d 164]. There a thief stole defendant's car when the keys were left in the ignition and negligently injured the plaintiff. The court held: ''The problem in the instant case is a familiar one to us. In *Richards* v. *Stanley*, 43 Cal.2d 60 [271 P.2d 23] we considered the nature of the risk of harm imposed on others in leaving a vehicle unattended in a somewhat similar factual situation. We stated at page 65: 'In one sense the problem presented involves the duty of the owner of an automobile so to manage it as not to create an unreasonable risk of harm to others. It bears emphasis, however, that when Mrs. Stanley left the car it was in a position where it could harm no one, and no harm occurred until it had been taken by a thief. Thus a duty to prevent such harm would involve more than just the duty to control the car, it would involve a duty to prevent action of a third person. Ordinarily, however, in the absence of a special relationship between the parties, there is no duty to control the conduct of a third person so as to prevent him from causing harm to another. . . .' It was concluded that, under the circumstances present in *Richards* the foreseeability of a risk of harm, standing alone, did not as a matter of law create a duty on the part of the owner of a vehicle to protect against injuries to third persons on the highways caused by the negligent driving of one who, finding the keys negligently left in the ignition by the owner, steals the vehicle.

''However, *Richards* would not bar the door to recovery in all cases. Special circumstances which impose a greater potentiality of foreseeable risk or more serious injury, or require a lesser burden of preventative action, may be deemed to impose an unreasonable risk on, and a legal duty to, third persons. Illustrative thereof we noted at page 66 of *Richards*: 'In the present case Mrs. Stanley did not leave her car in front of a school where she might reasonably expect irresponsible children to tamper with it (see Restatement, Torts, § 302, illus. 7), nor did she leave it in charge of an intoxicated person as did defendant in *Morris* v. *Bolling*, 31 Tenn. App. 577 [218 S.W.2d 754].'

''Again special circumstances were found to justify the imposition of a duty in *Richardson* v. *Ham*, 44 Cal.2d 772 [285 P.2d 269]. There the defendant left unattended and unlocked a 26-ton bulldozer which was stolen for a joyride by three inebriates who were able to get the equipment under

way but could not control it on a terrifying voyage of destruction. . . . The important factor emphasized in *Richardson* was the enormous potentiality of harm once a bulldozer is put in motion, . . .

"The special circumstances present in *Richardson* . . . and those suggested in *Richards* are not, of course, the only circumstances which justify the imposition of liability—rather each case must be considered on its own facts to determine whether the joint effect of them in toto justifies the conclusion that the foreseeable risk of harm imposed is unreasonable, and that the defendant owner or one in charge of a vehicle has a duty to third persons in the class of the plaintiffs to refrain from subjecting them to such risk."[1]

Respondent cites us to no overriding policy consideration which would result in the conclusion that the foreseeability of risk in the circumstances of this case was of less than primary importance in establishing the element of duty. (Cf. *Amaya* v. *Home Ice, Fuel & Supply Co., supra,* 59 Cal.2d 295; *Wright* v. *Arcade School Dist.,* 230 Cal.App.2d 272 [40 Cal.Rptr. 812], hearing denied; *Cohen* v. *Groman Mortuary, Inc., ante,* p. 1 [41 Cal.Rptr. 481].)

Our decision herein makes it unnecessary to discuss appellant's remaining contentions.

The judgment is reversed.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied February 15, 1965, and appellant's petition for a hearing by the Supreme Court was denied March 24, 1965.

---

[1] In relying on *Stanley, supra,* and *Hergenrether, supra,* we do not mean to imply that respondent's liability is limited by the provisions of Vehicle Code, section 17151.