Opinion
FRIEDMAN, J.
The record before this court on appeal consists of the settled findings of fact and conclusions of law signed by the trial judge. The settled findings of fact set forth the following:
*Supp. 3 Plaintiff was the owner of a Lincoln automobile, which was being driven by one Rosemund with the permission of plaintiff in an easterly direction on the left side of Ninth Street. Defendant was the owner and driver of a Thunderbird automobile. Ninth Street was a one-way street. In defendant’s automobile was a guest passenger, one Nuanez.
Defendant drove his car lawfully on the left side of Ninth Street and had just parked his car lawfully on the left side of Ninth Street, and had just shut off the engine of the automobile, when the guest opened the wide door of defendant’s car into the path of oncoming traffic.
Defendant did not see any traffic approaching; defendant did not direct the guest concerning the opening of the door of the vehicle; defendant did not authorize the guest to open the door; defendant had no knowledge of the opening of the door; defendant did not have any conversation with the guest concerning the opening of the door; defendant did not see his guest open the door; defendant did not affirmatively allow the guest to open the door; the conduct of Rosemund was not the proximate cause of the collision and damage to plaintiff’s automobile.
The settled conclusions of law state that from the foregoing findings of fact, the trial court found the defendant was negligent in the manner of his control of his vehicle in pulling up on the left side of a one-way street and failing to prevent his passenger from opening the door into oncoming traffic; that the conduct of defendant was a direct and proximate cause of the accident; that the liability for the negligence of defendant was not found upon Vehicle Code section 17150.
On this appeal, we must accept that version of events which is most favorable to plaintiff, to the extent that it is supported by the settled statement of facts. (People v. Randall, 1 Cal.3d 948 at p. 954 [83 Cal.Rptr. 658, 464 P.2d 114].)
Existence of a duty of care is initially a question of determination by the court. The question before us is whether the settled statement of facts included provable facts demonstrating existence of a duty of care. (Wright v. Arcade School Dist., 230 Cal.App.2d 272 at p. 276 [40 Cal.Rptr. 812].)
The driver of an automobile must manage his vehicle so as not to create an unreasonable risk of harm to others, but in the absence of facts putting the driver on notice that the guest is incompetent in connection with the particular situation, the driver is under no duty to persons who may be injured by the negligence of the guest. (Richards v. Stanley, 43 Cal.2d 60 at p. 63 [271 P.2d 23].)
*Supp. 4 Ordinarily, in the absence of a special relationship between the parties, there is no duty to control the conduct of a third person so as to prevent him from causing harm to another. (Lane v. Bing, 202 Cal. 590 at p. 592 [262 P. 318].)
The conclusion that certain conduct is negligent involves the finding both of a legal duty to use due care and a breach of such duty by the creation of an unreasonable risk of harm. (McEvoy v. American Pool Corp., 32 Cal.2d 295 at p. 298 [195 P.2d 783].)
Obviously, the parking by the defendant of his car on the left side of the road was not negligence, for the settled statement plainly sets forth that defendant lawfully parked his car. The only thing that negligence could be based on would be a duty of defendant in connection with the opening of the door by the guest.
Defendant did not have an absolute duty, amounting to strict liability, in connection with any acts of his guest. There must be shown some duty breached to constitute an act of negligence. Negligence in the air, so to speak, will not do. Before any duty arises, there must be some notice of a definite type of harmful conduct and an opportunity to interfere. (Prosser on Torts (2d ed.) pp. 188, 190).
The fact that a fault of the guest often occurs with the driver’s fault should not blind us to the basic principle that the driver in ordinary circumstances cannot be held for the guest’s fault, but solely for his own. (Goodman v. Harris, 40 Cal.2d 254 at p. 265 [253 P.2d 447]; Schauf v. Southern Cal. Edison Co., 243 Cal.App.2d 450 at p. 461 [52 Cal.Rptr. 518].)
From the record before us, the absence of any duty on the part of defendant is clear. The question thus is not for the trier of fact, but is one of law for the Court. (Matthias v. United Pacific Ins. Co., 260 Cal. App.2d 752 at p. 756 [67 Cal.Rptr. 511]; Amaya v. Home Ice, Fuel & Supply Co., 59 Cal.2d 295 at p. 307 [29 Cal.Rptr. 33, 379 P.2d 513].)
The judgment in favor of plaintiff is reversed.
Quayle, P. J., and Brailsford, J., concurred.